UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                                    Case No.: 10-49517-PGH
                                                                          Chapter 7
AKOP PARONYAN,

    Debtor.
_____/
MICHAEL R. BAKST, as Trustee in
Bankruptcy for Akop Paronyan,

    Plaintiff,                                                     Adv. Case No.:

v.

CLINTMOORE BARBERS, INC., a Florida Corporation,
GS LLC, a Florida Limited Liability Company,
SR441, LLC, a dissolved Limited Liability Company,
GRACHIK KHACHATRYAN,
SUSANNA TAMRAZYAN,
SIRANUSH KHACHATRAYAN,
KARAPET PARONYAN, and
ARPINE PARONYAN,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT, TO RECOVER MONEY OR
PROPERTY, FOR TURNOVER, FOR AN ACCOUNTING, TO DISSOLVE AND TO
LIQUIDATE AN ACTIVE LIMITED LIABILITY COMPANY, AND TO LIQUIDATE
AN ADMINSITRATIVELY DISSOLVED LIMITED LIABILITY COMPANY**

    Michael R. Bakst (the "Plaintiff" or the "Trustee"), as Trustee in Bankruptcy for Akop Paronyan (the "Debtor"), through undersigned counsel, files his Complaint for Declaratory Judgment, to Recover Money or Property, for Turnover, for an Accounting, to Dissolve and to Liquidate an Active Limited Liability Company, and to Liquidate an Administratively Dissolved Limited Liability Company, and alleges:

    1.    This is an action for declaratory relief pursuant to Fed. R. Bank. P. 7001(1) and (9) to have the Court determine the Trustee's interest in an active Florida corporation, an active

1

Florida limited liability company, and an administratively dissolved Florida limited liability company. This is also an action for turnover of all such property pursuant to 11 U.S.C. § 542, and for an accounting under 11 U.S.C. § 542. This is also an action to compel the dissolution and liquidate of an active limited liability company pursuant to Fla. State. §§ 608.441(3) and 608.444, 608.4431. This is also an action to compel liquidation of an administratively dissolved limited liability company under Fla. Stat. §§ 608.4431, and 608.4421.

2. On December 30, 2010 (the "Petition Date"), the Debtor filed his voluntary chapter 7 proceeding. The Debtor's schedules reflect no assets above permitted exemptions and no cause for any further inquiry or administration. Accordingly, on February 10, 2011, following the § 341 meeting of creditors, the Trustee filed his Report of No Distribution, the Debtor received his discharge on April 15, 2011, and the case was closed on April 20, 2011.

3. In late 2013, the Debtor's spouse Arpine Paronyan reported the Debtor to the US Trustee for concealing assets in his bankruptcy relating to two limited liability companies which own real property, and a Florida corporation that owns and operates a barber shop. Accordingly, the Court reopened the case on the motion by the Trustee, the Trustee withdrew his Report of No Distribution, and the Trustee filed his Notice of Assets.

4. This adversary proceeding arises out of the Debtor's bankruptcy. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. §§ 541, and 542.

5. This is a core proceeding for which the Court is authorized to determine all matters regarding this action in accordance with 28 U.S.C. § 157(b)(2)(A), (E), and (O).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

7. Upon information and belief, the Debtor owns 100% of Defendant Clintmoore Barbers, Inc. ("Clintmore"), which is an active Florida corporation doing business in Boca

Raton, Florida.  The Debtor discloses Clintmore as his employer in financial affidavits in his pending state court divorce case with Arpine Paronyan, but at the same time claims on those affidavits to be self-employed.   On other financial affidavits filed in that proceeding, the Debtor lists a 100% interest in Clintmoore as an asset valued at $10,000.  Defendant Arpine Paronyan values Clintmoore in her state court financial affidavits in that proceeding at $450,000 and claims an interest in it apart from that of the Debtor's.  The Debtor serves as Clintmoore's president and according to the records of the State of Florida, is its only officer or principal.  Clintmoore is a defendant in the divorce proceedings between the Debtor and Arpine Paronyan as a contested asset.

8.     Upon information and belief, the Debtor owns a 50% share of GS LLC ("GS") with the Defendant Arpine Paronyan.  GS owns real property within the Southern District of Florida which Defendant Arpine Paronyan has valued at $1,100,000 in her financial affidavits in the pending divorce proceedings.  GS is an active Florida limited liability company.  The Debtor is listed on GS' October 25, 2005 reinstatement filed with the State of Florida as a member.  Defendant Arpine Paronyan's financial affidavits in the divorce proceedings disclose that both she and the Debtor have interests in GS.  GS has also been named as a defendant in the Debtor's divorce proceedings as a contested asset.  GS' other member of record is Defendant Siranush Khachatrayan.

9.     Upon information and belief, the Debtor owns 25% of SR441, LLC ("SR441"), which was a Florida limited liability which the State of Florida administratively dissolved on September 15, 2006 for failure to file an annual report.  Its Articles of Organization for a Florida Limited Liability Company filed with the State of Florida on September 29, 2005 discloses the Debtor as a Managing Member/Manager.  Its other members of record with the State of Florida

are Defendants Grachik Khachatryan, Susanna Tamrazyan, and Karapet Paronyan. SR441 owns real property within the Southern District of Florida which Defendant Arpine Paronyan values at $5,000 in her financial affidavit. SR441 is a defendant in the divorce proceedings between the Debtor and Arpine Paronyan as a contested asset.

10. Defendant Grachik Khachatryan is a person who resides in the Southern District of Florida who may have an interest in GS or SR441.

11. Defendant Susanna Tamrazyan is a person who resides in California but who may claim an interest in GS or SR441 which are or were Florida limited liability companies owning real property in the Southern District of Florida.

12. Defendant Karapet Paronyan is a person who resides in New York but who may claim an interest in GS or SR441 which are or were Florida limited liability companies owning real property in the Southern District of Florida.

13. Defendant Arpine Paronyan is a person who resides in the Southern District of Florida who may have an interest in GS, SR441, or Clintmoore.

14. Defendant Siranush Khachatrayan is a person who resides in the Southern District of Florida who may have an interest in GS or SR441.

15. All conditions precedent to this action have been satisfied or waived.

**COUNT I-DECLARATORY RELIEF**

16. This is an action to obtain a declaratory judgment pursuant to Fed. R. Bank. P. 7001(9) that the Debtor, and accordingly the Trustee, owns some or all of an undivided interest in Clintmoore, GS, and SR441, separate and apart from any interest of any of the defendants. Any such interests in any one or more of these entities, and their assets, are accordingly property of the estate under 11 U.S.C. § 541 as of the Petition Date.

17.     Rule 7001(9) provides in relevant part that "[t]he following are adversary proceeding . . . (9) a proceeding to obtain a declaratory judgment regarding any of the foregoing." Rule 7001(1) provides that the Trustee may bring "a proceeding to recover money or property[]."

18.     The Trustee believes that the Debtor owns 100% of Clintmoore. Accordingly, the Trustee requests that the Court declare that the Trustee owns 100% of Clintmoore free and clear of any interest of Defendant Arpine Paronyan and any other defendant claiming an interest in it.

19.     The Trustee believes that the Debtor and his wife own a 50% interest in GS. Accordingly, the Trustee requests that the Court order that this 50% interest is property of the Trustee and the Defendant Arpine Paronyan, free and clear of any interest of any other defendant. The Trustee further requests that that the Court order that this 50% interest of the Trustee and the Defendant Arpine Paronyan be divided in half and declare that the Trustee owns one-half of that 50% interest (or 25% of GS) free and clear of any interests of any other defendant.

20.     The Trustee believes that the Debtor owns 25% of SR 441. Accordingly, the Trustee requests that the Court declare that the Trustee owns 25% of SR 441 free and clear of any interests of any of the defendants.

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for Akop Paronyan, requests that this Court enter judgment in his favor and against Clintmoore Brothers, Inc., GS LLC, SR441, LLC, Grachik Khachatrayan, Susanna Tamrazyan, Karapet Paronyan, Siranush Khachatrayan, and Arpine Paronyan that the Trustee owns 100% of Clintmoore, 25% of GS, and 25% of SR 441, or whatever other percentage the Court finds, that such assets are property of the estate and may be administered by the Trustee, under 11 U.S.C. § 541, and other

5

relief the Court deems just and proper.

## COUNT II – TURNOVER

21. The Trustee incorporates by reference as if set forth herein the allegations in paragraphs 1-15 above.

22. This is a count for turnover pursuant to 11 U.S.C. § 542, which provides in relevant part that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease . . . shall deliver to the trustee, and account for, such property or the value of such property . . . ."

23. If the Court finds in Count I that the Debtor has an ownership interests in one or more of Clintmoore, GS, and SR441, then such interests, in existence since the Petition Date, or such other date as the Court deems appropriate, should be turned over to the Trustee.

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for Akop Paronyan, requests that this Court enter judgment in his favor and against Clintmoore Brothers, Inc. GS LLC, SR441, LLC, Grachik Khachatrayan, Susanna Tamrazyan, Karapet Paronyan, Siranush Khachatrayan, and Arpine Paronyan that whatever interests in those entities that the Debtor owned as of the Petition Date, or whatever other date the Court deems appropriate, be turned over to the Trustee for administration by him pursuant to 11 U.S.C. § 542, and other relief the Court deems just and proper.

## COUNT III – ACCOUNTING

24. The Trustee incorporates by reference as if set forth herein the allegations in paragraphs 1-15 above.

25. The Trustee seeks entry of an Order against Clintmoore, SR 441, and GS requiring each to provide a sworn accounting of:

   a. all money, property, or other assets of each transferred or provided to any third party or for the benefit of any other person or entity since the Debtor's bankruptcy filing; and

   b. All money, property, or other assets held legally or equitably by each, or for the direct or indirect benefit of each, or over which each maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, or other property and demonstrating the source of funds used to purchase each.

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for Akop Paronyan, requests that this Court enter judgment in his favor and against Clintmoore Brothers, Inc., GS LLC, and SR441, LLC, requiring each to provide to him an accounting as set forth above, and such other relief as the Court deems just and proper.

## COUNT IV – ACTION TO DISSOLVE AND LIQUIDATE GS

26. The Trustee incorporates by reference as if set forth herein the allegations in paragraphs 1-15 above.

27. GS is an active Florida limited liability company. As a member, the Trustee requests that the Court order that GS be dissolved under Fla. Stat. §§ 608.441(3). Section 608.441(3) provides in relevant part that "on application by or for a member, the circuit court may order dissolution of a limited liability company if it is established by a preponderance of the evidence that it is not reasonably practical to carry on a business of the limited liability company . . . ."

28. It is not reasonably practical to carry on the business of GS. GS is owned by the Debtor, the Defendant Arpine Paronyan, who is in a bitter divorce proceeding with the Debtor, and the parents of Arpine Paronyan, who are defendants in this case. The Trustee cannot operate

GS with them. Upon information and belief, GS' only asset is a vacant parcel of real property which has been for sale for some time.

29. In addition and after dissolution, the Trustee seeks the Court to order distribution and liquidation of GS' assets pursuant to Fla. Stat. §§ 608.4431 and 608.444.

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for Akop Paronyan, requests that this Court enter a judgment in his favor and against GS LLC, Grachik Khachatrayan, Susanna Tamrazyan, Karapet Paronyan, Siranush Khachatrayan, and Arpine Paronyan, dissolving GS under Florida Statute § 608.441(3), and distributing its assets in accordance with Fla. Stat. §§ 608.4431 and 608.444, and such other relief as the Court deems just and proper.

## COUNT IV – ACTION TO LIQUIDATE SR 441

30. The Trustee incorporates by reference as if set forth herein the allegations in paragraphs 1-15 above.

31. SR 441 is a dissolved limited liability company that still owns a parcel of vacant commercial real property, as well as potentially other assets. As a member of a dissolved limited liability company, the Trustee requests that the Court order SR distribution and liquidation of SR 441 pursuant to Fla. Stat. §§ 608.4431 and 608.444.

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for Akop Paronyan, requests that this Court enter a judgment in his favor and against SR 441, LLC, Grachik Khachatrayan, Susanna Tamrazyan, Karapet Paronyan, Siranush Khachatrayan, and Arpine Paronyan, distributing SR 441's assets in accordance with Fla. Stat. §§ 608.4431 and 608.444, and such other relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court

for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted this 4th day of August, 2014.

                                                **GREENSPOON MARDER, P.A.**

                                           /s/ *G. Steven Fender*
                                          MICHAEL R. BAKST, ESQ.
                                          Florida Bar No.: 866377
                                          G. STEVEN FENDER, ESQ.
                                          Florida Bar No. 060992
                                          Attorneys for Plaintiff/Trustee
                                          250 S. Australian Ave., Suite 700
                                          West Palm Beach, Florida 33401
                                          Telephone: (561) 838-4509
                                          Email: steven.fender@gmlaw.com

GS, LLC
c/o Registered Agent
SIRANUSH KHACHATRYAN
4470 SW 26TH AVE.
Fort Lauderdale, FL 33312

SIRANUSH KHACHATRYAN
4470 SW 26TH AVE.
Fort Lauderdale, FL 33312

SR441 LLC
c/o Registered Agent
Grachik Khachatryan
4470 SW 26 Avenue
Fort Lauderdale, FL 33312

KHACHATRYAN, GRACHIK
4470 SW 26 AVENUE
FORT LAUDERDALE, FL 33312

TAMRAZYAN, SUSANNA
14833 HOUSTON STREET
SHERMAN OAKS, CA 91403

PARONYAN, KARAPET
5804 208TH ST
OAKLAND GARDENS, NY 11364

Clintmoore Barbers, Inc.
c/o Registered Agent
Brian Lynn, PA, CPA
2 S. University Dr.
Suite 215
Plantation, FL 33324

Arpine Paronyan
360 November Street
Palm Beach Gardens, FL 33410